# EXHIBIT D

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>ORANGE</u>  COUNTY, FLORIDA

<u>Darla Viera</u>
Plaintiff                                              Case # _____

                                                       Judge  _____

vs.

<u>Turning Point USA</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☒ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>1</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☒ yes
   ☐ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ no
   ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ yes
   ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
   ☐ yes
   ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Arun G. Ravindran</u>       Fla. Bar # <u>66247</u>
      Attorney or party            (Bar # if attorney)

<u>Arun G. Ravindran   </u>       <u>03/01/2023</u>
 (type or print name)         Date

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| DARLA VIERA, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | CLASS ACTION |
| v. | (JURY TRIAL DEMANDED) |
| TURNING POINT USA D/B/A CHARLIE KIRK, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Darla Viera, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters.

### NATURE OF ACTION

1.      Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Turning Point USA d/b/a Charlie Kirk ("Defendant") in sending automated telephonic sales calls, in the form of text messages, to her cellular telephone and the cellular telephones of numerous other individuals across Florida, in clear violation of the Florida Telephone Solicitation Act, Fla. Sta § 501.059 ("FTSA").

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes. The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

3.      Personal jurisdiction and venue are proper because Plaintiff resides within Orange County, Florida, because Defendant engaged in a telemarketing campaign through which it

knowingly and intentionally directed numerous FTSA-violative text messages (which form the basis of Plaintiff's claims) into Orange County, Florida, including while she resided in Orange County, Florida, such that a substantial portion of the events alleged herein occurred, and the harm to Plaintiff arose, within Orange County, Florida. *See* § 47.011, Florida Statutes.

## PARTIES

4.      Plaintiff is a resident and citizen of Orange County, Florida. Plaintiff was at all times mentioned herein the regular user of the telephone number (407) ***-5829 (the "5829 Number").

5.      Defendant Turning Point USA d/b/a Charlie Kirk is a politically-focused company that sells products to consumers.  Defendant is organized and incorporated under the laws of Arizona and maintains its corporate headquarters and principal place of business in Phoenix, Arizona.  Defendant is a "person" within the meaning of Fla. Stat. § 501.059(8)(a).

## THE FLORIDA TELEPHONE SOLITITATION ACT

6.       "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

7.      Thus, on July 1, 2021, to better protect its residents' privacy from intrusive calls and text messages, Florida enacted an amendment to the FTSA to prohibit, *inter alia*, the transmission of unsolicited sales calls and text messages to its residents' telephones.

8.      As amended, the FTSA provides, in pertinent part: "A person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

9.      "Telephonic sales call" is defined, in pertinent part, as a "telephone call [or] text message . . . to a consumer for the purpose of soliciting a sale of any consumer goods or services . . . or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services[.]" *Id.* § 501.059(1)(i).

10.     "Prior express written consent" is defined, in pertinent part, as "a written agreement that . . . [b]ears the signature of the called party[,] [c]learly authorizes the person making or allowing the placement of a telephonic sales call by telephone call [or] text message . . . to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers[,] . . . [i]ncludes the telephone number to which the signatory authorizes a telephonic sales call to be delivered[,] and [i]ncludes a clear and conspicuous disclosure informing the called party that":

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers . . . ; and

    b.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

*Id.* § 501.059(1)(g).

11.     "There is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call." *Id.* § 501.059(8)(d)

12.     Any person aggrieved by a violation of the FTSA may receeover $500.00 for each violation pursuant to § 501.059(10)(a), or up to $1,500.00 for each violation committed knowingly or willfully pursuant to § 501.059(10)(b).

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

13.     Since July 1, 2021, Plaintiff has received, at the 5829 Number, at least one text message that Defendant made or knowingly allowed another person to make on its behalf.

14.     For example, on or about December 20, 2022, Defendant made, or knowingly allowed to be made on its behalf, a text message to the 5829 Number that stated as follows:

> Hey — it's Charlie Kirk. I want to send you a copy of my new book, How we Win, when you make a gift of ANY AMOUNT to Turning Point USA. This brand new book lays out my roadmap to lasting conservative victories that will SAVE AMERICA — and it's yours when you pitch in a gift of any amount — even just $5! — to help us cover the costs of shipping.  Give it as a gift to a loved one, or add it to your own personal library! But don't wait — copies are moving fast! Pitch in here and get yours today >> https://givetotpusa.com/r.wr?id=9xPvzKEl

15.     At the time the subject text messages were made to and received by Plaintiff, Plaintiff was "an actual or prospective purchaser, lessee, or recipient of consumer goods or services." *Id.* § 501.059(1)(b).

16.     The text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 5829 Number were sent to Plaintiff for the purpose of "soliciting a sale of . . . consumer goods or services" to Plaintiff, or "obtaining information [from Plaintiff]

that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to Plaintiff. *Id.* § 501.059(1)(b) & (1)(i).

17.    Accordingly, the text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 5829 Number constituted "telephonic sales calls." Fla. Stat. § 501.059(1)(i).

18.    Plaintiff is the "regular user of" the 5829 Number, and is therefore the "called party" with respect to the subject text messages made by or on behalf of Defendant to the 5829 Number. *See* Fla. Stat. § 501.059(1)(a).

19.    Each text message sent by or on behalf of Defendant to Plaintiff's 5829 Number originated from the telephone number (407) 604-4101, which is number leased or owned by or on behalf of Defendant that Defendant uses or knowingly allows another person to use to transmit telephonic sales calls, in the form of text messages, to consumers in an automated and *en masse* fashion.

20.    All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 5829 Number occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a).  Specifically, Defendant utilized an "automated system for the selection or dialing of telephone numbers" to transmit the subject text messages to Plaintiff's 5829 Number because such messages were sent from telephone numbers used to message consumers *en masse*; because Defendant's dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously; and because the hardware and software used by Defendant to send such messages have the capacity to both select numbers to be dialed and to dial such numbers in an automated fashion.  And indeed, Defendant (or another person Defendant

knowingly allowed to act on its behalf) actually transmitted the text messages at issue in this case to Plaintiff in an automated fashion, with hardware and software that automatically selected and dialed Plaintiff's 5829 Number and the other telephone numbers to which it transmitted such text messages.

21.    Because Plaintiff's cellular phone alerts her whenever she receives a text message, each telephonic sales call by or on behalf of Defendant to Plaintiff's 5829 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

22.    Plaintiff has never provided her "prior express written consent" to Defendant or any other party acting on Defendant's behalf to authorize the subject telephonic sales calls to the 5829 Number by means of an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a). Indeed, prior to making (or knowingly allowing another person to make on its behalf) the subject telephonic sales calls to Plaintiff's 5829 Number, Defendant lacked a signed written agreement with Plaintiff that complies with the requirements of Fla. Stat. § 501.059(1)(g).

## CLASS ALLEGATIONS

23.    <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to Plaintiff.

24.     Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

25.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

26.     The members of the class are ascertainable because the class is defined by reference to objective criteria. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

27.     Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

28.     This Class Action Complaint seeks injunctive relief and monetary damages.

29.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the FTSA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

30.     This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

31.     Numerosity.  The number of persons within the Class is substantial, believed to amount to at least several thousand persons dispersed throughout Florida, who collectively received at least tens of thousands of telephonic sales calls by or on behalf of Defendant since July 1, 2021.  It is, therefore, impractical to join each member of the Class as a named plaintiff.  Further,

the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

32.    <u>Typicality</u>. Plaintiff received at least one telephonic sales call from Defendant since July 1, 2021 while in Florida, and Defendant lacks any record establishing Plaintiff's "prior express written consent." Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's FTSA-violative misconduct as alleged herein.

33.    <u>Adequacy</u>. As the proposed Class representative, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Class, and she is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims. If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

34.    <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under consumer protection and data-privacy statutes similar to the FTSA.

35. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member and may be determined without reference to the individual circumstances of any Class member, include (but are not limited to) the following:

a) Whether Defendant made or knowingly allowed another person to make the subject text messages to Plaintiff's and Class members' cellular telephones;

b) Whether such text messages were sent using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a);

c) Whether Defendant can meet its burden to show that it obtained prior "prior express written consent" to transmit the subject text messages within the meaning of Fla. Stat. § 501.059(1)(g), assuming such an affirmative defense is timely raised;

d) Whether any of the violations of the FTSA committed by or on behalf of Defendant were knowing or willful;

e) The amount of statutory damages to which Plaintiff and the Class are entitled as a result of any violations of the FTSA committed by or on behalf of Defendant; and

f) Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

36. <u>Superiority.</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the prosecution of individual litigation on behalf of each Class member is impracticable. Even if every member of the Class could afford to pursue individual litigation, the court system could not; multiple trials of the same factual issues would magnify the delay and expense to all parties and the court system. Individualized litigation would

also present the potential for varying, inconsistent or contradictory judgments.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class.  Plaintiff anticipates no difficulty in the management of this action as a class action.  Class wide relief is essential to compel compliance with the FTSA and thus protect consumers' privacy.  The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the FTSA are likewise relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite prior express written consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

37.    Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests.  The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

38.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

39.     On application by Plaintiff's counsel for class certification, Plaintiff may also seek certification of subclasses in the interests of manageability, justice, or judicial economy.

**CLAIM FOR RELIEF**
**VIOLATION OF THE FLORIDA**
**TELEPHONE SOLICITATION SALES ACT**
**(FLA. STAT. § 501.059)**

40.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action Complaint as if fully stated herein.

41.     Since July 1, 2021, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to the 5829 Number, and Plaintiff received such text messages in Florida.  The 5829 Number is assigned an area code that corresponds to a range of geographic locations in Florida.

42.     Likewise, since July 1, 2021, Defendant has made, or knowingly allowed to be made on its behalf by another person, at least one text message to each of the telephone numbers regularly used by the members of the Class in Florida.

43.     Because Plaintiff is, and at all relevant times referenced herein was, the "regular user of" the 5829 Number, Plaintiff was the "called party" with respect to each of the text messages made by Defendant (or knowingly allowed to be made on its behalf by another person) to the 5829 Number.

44.     Plaintiff is "an actual or prospective purchaser, lessee, or recipient of consumer goods or services" within the meaning of the FTSA. *See* Fla. Stat. § 501.059(1)(b).

45.    At least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to the 5829 Number was made for the purpose of "soliciting a sale of . . . consumer goods or services" to Plaintiff, or "obtaining information [from Plaintiff] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to Plaintiff. *See id.* § 501.059(1)(b) & (1)(i). Accordingly, at least one of the subject text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 5829 Number constituted a "telephonic sales call." *Id.* § 501.059(1)(i).

46.    Likewise, at least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to each of the telephone numbers regularly used by the members of the Class was made for the purpose of "soliciting a sale of . . . consumer goods or services" to the Class member to whom the message was sent, or "obtaining information [from the Class member] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to him or her. *See id.* § 501.059(1)(b) & (1)(i). Accordingly, at least one of the subject text messages that Defendant made or knowingly allowed another person to make on its behalf to each of the Class members' telephone numbers constituted a "telephonic sales call.*" Id.* § 501.059(1)(i).

47.    Each of the telephonic sales calls made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to Plaintiff's 5829 Number and to the Class members' telephone numbers occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a).

48.    Prior to making or knowingly allowing another person to make on its behalf the subject telephonic sales calls to Plaintiff and the members of the Class, Defendant failed to obtain the "prior express written consent" from Plaintiff or any member of the Class.  Indeed, prior to

making the subject telephonic sales calls to Plaintiff's 5829 Number and to the telephone numbers regularly used by the members of the Class, Defendant lacked a signed written agreement with Plaintiff or any Class member that complies with the requirements of Fla. Stat. § 501.059(1)(g).

49.    Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting Defendant's future transmission of telephonic sales calls to the telephone numbers regularly used by Plaintiff and the members of the Class absent their prior express written consent pursuant to Fla. Stat. § 501.059(10)(a)(1), as well as an award of $500.00 in statutory damages for each violation of the FTSA committed by or on behalf of Defendant pursuant to Fla. Stat. § 501.059(10)(a)(2) (or $1,500 for each such violation committed willfully or knowingly pursuant to pursuant to Fla. Stat. § 501.059(10)(b)).

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, Plaintiff Darla Viera prays for relief and judgment in favor of herself and the Class as follows:

A.    Injunctive relief sufficient to ensure Defendant refrains from violating the FTSA in the future pursuant to Fla. Stat. § 501.059(10)(a)(1);

B.    Statutory damages of $500.00 for herself and each Class member for each of Defendant's violations of the FTSA (or $1,500.00 for each such violation to the extent committed willfully or knowingly) pursuant to Fla. Stat. § 501.059(10)(a)(2) & (10)(b);

C.    An Order, pursuant to Florida Rule of Civil Procedure 1.220, certifying this action to be a proper class action, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

D.    An award of attorneys' fees and costs to Plaintiff's counsel pursuant to Fla. Stat. § 501.059(11) and Florida Rule of Civil Procedure 1.220.

## DEMAND FOR JURY TRIAL

On behalf of herself and all others similarly situated, Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 1, 2023

**HEDIN HALL LLP**

By:    /s/ Frank S. Hedin
        Frank S. Hedin

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Telephone:    + 1 (305) 357-2107
Facsimile:    + 1 (305) 200-8801

*Counsel for Plaintiff and the Putative Class*

ADMINISTRATIVE ORDER
NO. 2021-04

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE AND OSCEOLA
COUNTIES, FLORIDA

## ORDER GOVERNING CIVIL CASE MANAGEMENT AND RESOLUTION

**WHEREAS,** pursuant to Article V, section 2(d) of the Florida Constitution and section 43.26, Florida Statutes, the Chief Judge of each judicial circuit is charged with the authority and the power to do everything necessary to promote the prompt and efficient administration of justice; and

**WHEREAS,** pursuant to the Chief Judge's constitutional and statutory responsibility for administrative supervision of the courts within the circuit and considering available resources, to create and maintain an organization capable of effecting the efficient, prompt, and proper administration of justice for the citizens of this State, the Chief Judge is required to exercise direction, *see* Fla. R. Gen. Prac. & Jud. Admin. 2.215(b)(2), (b)(3); and

**WHEREAS,** on April 13, 2021, Chief Justice Charles T. Canady issued Administrative Order No. AOSC20-23 (*Amendment 12*), In Re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts, requiring Chief Judges to issue an administrative order requiring the presiding judge for each civil case[1] to actively manage civil cases in the manner set forth therein to maximize the resolution of cases; and

**WHEREAS,** the procedures established herein will improve the court's ability as required by Florida Rule of General Practice & Judicial Administration 2.545, to provide effective early and continuous control of case processing to ensure fair and prompt resolution of disputes consistent with

---

[1] As used in this Order, the term "civil case" means actions to which the Florida Rules of Civil Procedure apply, as identified in Florida Rule of Civil Procedure 1.010, and actions in which the court has ordered that the action proceed under one or more of the Florida Rules of Civil Procedure pursuant to Florida Small Claims Rule 7.020(c), if the deadline for the trial date specified in Florida Small Claims Rule 7.090(d) no longer applies in the action, but does not include actions subject to section 51.011, Florida Statutes, post-judgment proceedings, and writs to which Florida Rule of Civil Procedure 1.630 applies. *See* Florida Rule of Civil Procedure 1.010 (stating that the Florida Rules of Civil Procedure "apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the Florida Probate Rules, the Florida Family Law Rules of Procedure, or the Small Claims Rules apply."); Florida Small Claims Rule 7.020(c) (stating that "In any particular action, the court may order that action to proceed under 1 or more additional Florida Rules of Civil Procedure on application of any party or the stipulation of all parties or on the court's own motion."); Florida Small Claims Rule 7.090(d) (providing that the trial in a small claims action must be set not more than 60 days from the date of the pretrial conference except as otherwise specified); Florida Rule of Civil Procedure 1.630 (addressing actions for the issuance of writs of mandamus, prohibition, quo warranto, and habeas corpus); and section 51.011, Florida Statutes (providing a summary procedure for the resolution of certain actions when specified by statute or rule).

the nature and complexity of the case and to respond to the growing number of commercial, business and other economic based civil filings having a direct impact on economic recovery in the circuit; and

**WHEREAS,** these uniform procedures also provide for effective early judicial intervention and management of complex cases consistent with Florida Rule of Civil Procedure 1.201 for managing complex litigation and will reduce public costs of civil litigation through early identification and expedited handling of relatively simple two-party cases to ensure prompt resolution of expedited matters;

**NOW, THEREFORE, I,** Donald A. Myers, Jr., in order to facilitate the efficient operation of the administration of justice, and pursuant to the authority vested in me as Chief Judge of the Ninth Judicial Circuit of Florida under Florida Rule of General Practice and Judicial Administration 2.215, hereby order that, **effective April 30, 2021,** unless otherwise provided herein, to continue until further order, and superseding any provisions in prior Administrative Orders which may be inconsistent:

1. There is established in the Ninth Judicial Circuit a program for active, differentiated case management of all civil cases, applicable to all currently filed civil cases and all newly filed civil cases in the Circuit and County Courts.

2. Each civil case shall be reviewed by the Court to determine whether it is complex, streamlined, or general. This Order does not apply to: (a) those cases assigned to Business Court pursuant to Administrative Order(s) 2019-08-02 and 2004-03-04, as may be amended; (b) any civil case designated as complex under Florida Rule of Civil Procedure 1.201; and (c) any civil case filed on or before April 29, 2021 in which the Court has entered an order setting the case for pre-trial and/or trial, in which event the dates and deadlines set forth therein shall govern the progress of the case.

    a. **Complex civil cases** are actions that have been or may be designated by court order as complex under Florida Rule of Civil Procedure 1.201. Upon such designation, the action shall proceed as provided in the rule.

    b. **Streamlined civil cases** shall be identified based on the following criteria:

        i. few parties

        ii. non-complex issues related to liability and damages

        iii. few anticipated pretrial motions

        iv. limited need for discovery

        v. few witnesses

        vi. minimal documentary evidence

        vii. anticipated trial length of less than two days

        viii. non-jury trial is sought by the parties

and have been identified according to the following case types and sub-types (consistent with designation on the Initial Cover Sheet required at filing):

     **Circuit court:** Ch. 718, Condominium Association Lawsuit, Any Constitutional Challenge, Distress, Replevin, Any Foreclosure, and Any Other Real Property Actions

     **County court:** Other Civil – Non Monetary, Any Replevin, Any Foreclosure, Personal Injury Protection (and other first party insurance claims), and Small Claims (if the rules of civil procedure have been invoked).

     c. <u>**General civil cases**</u> are all civil cases other than complex cases and streamlined cases.

  3. **FOR CASES FILED ON OR AFTER APRIL 30, 2021**: In consultation with the presiding judges the Court has developed, for entry in each case filed on or after April 30, 2021, a Standing Case Management Plan/Order for streamlined and general civil cases (attached as Exhibit "A" and Exhibit "B" to this Order). Electronic versions of the Standing Case Management Plan/Order for streamlined and general civil cases can be found under Quick Links on the home page for the Ninth Judicial Circuit, the Miscellaneous category, and then the Civil Case Management tab.

  The Standing Case Management Plan/Order specifies, at a minimum, the deadlines for service of complaints, service under extensions, and adding new parties and the deadlines by which: fact and expert discovery shall be completed; all objections to pleadings and pretrial motions shall be resolved; and mediation shall have occurred. The Standing Case Management Plan/Order also specifies the projected date of trial; indicates that the deadlines established in the order will be strictly enforced by the court; and indicates that a firm trial date will be ordered by the presiding judge when the case is at issue pursuant to Florida Rule of Civil Procedure 1.440.

  The plaintiff shall, at the outset and based on the definitions in paragraph 2 above, determine the applicable form of Standing Case Management Plan/Order (General or Streamlined). Plaintiff shall file the applicable Standing Case Management Plan/Order in the case at the same time as the civil cover sheet, complaint and summons(es). The Clerk of Court is directed not to issue summonses in any case in which the Standing Case Management Plan/Order has not been filed. The Clerk of Court shall notify the filer that the summons is not being accepted for filing until the Standing Case Management Plan/Order has been filed. Any party serving an initial pleading (complaint, third-party complaint, etc.) in the case shall serve a copy of the appropriate Standing Case Management Plan/Order together with initial service of process to each defendant.

  Parties seeking to have a case designated as complex shall initially file and serve the Standing Case Management Plan/Order (General) and thereafter comply with Florida Rule of Civil Procedure Rule 1.201(a) by filing an appropriate motion to declare the case complex.

  4. **FOR CASES FILED BEFORE APRIL 30, 2021**: For those cases filed before April 30, 2021, the Court shall issue a Notice of Case Management Plan Requirement to the parties in each case requiring the parties to meet and confer and agree upon a case management plan that complies with the time standards as set forth in Florida Rule of General Practice and Judicial Administration 2.545(a) and (b). Parties must use the applicable proposed Agreed Case Management Plan and Order (attached as Exhibit "C" and Exhibit "D" to this Order) and submit the completed case management plan to the presiding judge for review and approval. Electronic versions of the Agreed Case Management Plan and

Order for streamlined and general civil cases can be found under Quick Links on the home page for the Ninth Judicial Circuit, the Miscellaneous category, and then the Civil Case Management tab.

The case management plan shall address each deadline identified under Paragraph 3 and the projected date for trial if such event has not yet occurred in the case or has not yet been specified by other court order.  If the parties cannot reach an agreement, they shall submit their proposed case management plans to the presiding judge who will either determine and order an appropriate plan, or set a case management conference for no later than November 15, 2021.

5.  If the streamlined or general civil case is:

a.  Subject to dismissal for a lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e), a case management order is required only if the court determines that the action should remain pending and shall be issued within 30 days after such determination.

b.  Subject to a statutory stay or a moratorium preventing the prosecution of the case, the case management order shall be issued in a case filed:

i. On or after April 30, 2021 - within 45 days after the stay or the moratorium ends or within 30 days after service of the complaint on the last of all named defendants, whichever date is later; or

ii. Before April 30, 2021 - by December 3, 2021, within 45 days after the stay or the moratorium ends, or within 30 days after service of the complaint on the last of all named defendants, whichever date is later.  The case management order shall address each deadline identified under Paragraph 3 and the projected date for trial if such event has not yet occurred in the case or has not yet been specified by other court order.

c.  Not subject to a statutory stay or a moratorium, the case management order shall be issued in a case filed:

i. On or after April 30, 2021 - within 30 days after service of the complaint on the last of all named defendants; or

ii. Before April 30, 2021 - the case management order shall be issued by December 3, 2021.  The case management order shall address each deadline identified under Paragraph 3 and the projected date for trial if such event has not yet occurred in the case or has not yet been specified by other court order.

6.  Consistent with the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B) for the completion of civil cases, the following maximum periods within which the deadlines required by Paragraph 3 of this Order and the projected date of trial shall be set in the case management order are established:

a.  Streamlined Cases – 12 months.

b.  General Cases – 18 months.

7. All judges within the Circuit are directed to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), (b), and (e), which respectively require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.

8. Counsel must strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), which requires lawyers to conclude litigation as soon as it is reasonably and justly possible to do so, and that the pandemic alone is not a basis for a lawyer's failure to prepare a case for trial or otherwise actively manage a case.

**DONE AND ORDERED** at Orlando, Florida, this 29th day of April, 2021.

Donald A. Myers, Jr.
Chief Judge

Copies provided to:

Clerk of Court, Orange County
Clerk of Court, Osceola County
General E-Mail Distribution List
http://www.ninthcircuit.org

# Exhibit "A"

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
        PLAN AND ORDER

_____/

**STANDING CASE MANAGEMENT PLAN/ORDER**
**(Streamlined Track)**

   PURSUANT TO *In re: Comprehensive COVID-19 Emergency Measures for*
*Florida Trial Courts*, **Fla. Admin. Order No.** AOSC20-23 (Amendment 12) **(April 13,**
**2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively
the "Case Management Administrative Orders"), this case is before the Court for case
management.  Based on the case type of the initial filing in this case, the Case
Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. &
Jud. Admin., the Court hereby establishes a case management plan.  It is hereby

   **ORDERED** that:

   1. **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:**  The
parties shall strictly comply with the terms of this Case Management Plan/Order, unless
otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS
OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.  If the parties
believe that an alternate plan is required or more appropriate, then the parties shall
meet, confer and agree on a plan that complies with the time standards set forth in Rule
2.250, Fla. R. Gen. Prac. & Jud. Admin.  The parties may submit an agreed upon plan
to the division judge for consideration, or set the matter for a case management
conference.

   2. **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:**
All counsel and unrepresented parties shall familiarize themselves and comply with the
requirements of the following:  (i) **Amended Administrative Order Establishing the**
**Ninth Judicial Circuit Court Circuit Civil Court Guidelines** (AO 2012-03-01); (ii)
**Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom**
**Decorum Policy** (AO 2003-07-02); (iii) **Amended Administrative Order Establishing**
**the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County**
(AO2017-04-01)  and (iv) any division-specific guidelines that may be applicable.

3.    **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4.    **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case.  Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

**CASE MANAGEMENT PLAN – STREAMLINED TRACK**

*Note:  All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 60 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 45 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 275 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 11 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 12 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:**  Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial.  The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:**  *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida.

_____
Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

# Exhibit "B"

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE AND OSCEOLA
COUNTY, FLORIDA

IN RE: CIVIL CASE MANAGEMENT
      PLAN AND ORDER

_____/

**STANDING CASE MANAGEMENT PLAN/ORDER**
**(General Track)**

     **PURSUANT TO** *In re: Comprehensive COVID-19 Emergency Measures for Florida Trial Courts*, **Fla. Admin. Order No.** AOSC20-23 (Amendment 12) **(April 13, 2021)**, and Ninth Judicial Circuit Court Administrative Order No. 2021-04 (collectively the "Case Management Administrative Orders"), this case is before the Court for case management.  Based on the case type of the initial filing in this case, the Case Management Administrative Orders, and pursuant to Rule 2.545, Fla. R. Gen. Prac. & Jud. Admin., the Court hereby establishes a case management plan.  It is hereby

     **ORDERED** that:

     1.    **COMPLIANCE WITH THIS CASE MANAGEMENT PLAN/ORDER:**  The parties shall strictly comply with the terms of this Case Management Plan/Order, unless otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.  If the parties believe that an alternate plan is required or more appropriate, then the parties shall meet, confer and agree on a plan that complies with the time standards set forth in Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin.  The parties may submit an agreed upon plan to the division judge for consideration, or set the matter for a case management conference.

     2.    **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:**  All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following:  (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines** (AO 2012-03-01); (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy** (AO 2003-07-02) (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County** (AO2017-04-01) and (iv) any division-specific guidelines that may be applicable.

3.  **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4.  **SERVICE OF THIS ORDER WITH INITIAL PROCESS:** Pursuant to the Case Management Orders, the Plaintiff shall file a copy of this Order in the case.  Any party serving an initial pleading (complaint, third-party complaint, etc.) in this case shall serve a copy of this Order together with initial service of process.

### CASE MANAGEMENT PLAN – GENERAL TRACK
*Note:  All dates are to be calculated from the date of filing of the initial complaint unless otherwise noted.*

| | |
|---|---|
| Deadline for Service of Process: | 120 days |
| Deadline for Service of Process extended if not accomplished within 120 days: | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| Deadline for Leave to Add Parties and Amend Pleadings: | Motions must be set for hearing and heard within 90 days from service on the last defendant, or deemed abandoned and denied |
| Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings: | Must be set for hearing and heard within 60 days from filing of the motion/objection, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| Deadline for Completion of Fact and Expert Discovery: | 450 days (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| Pre-trial Motions, including Dispositive and *Daubert* Motions | Must be filed no later than 15 days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| Mediation/Alternative Dispute Resolution | Within 30 days after completion of the depositions of all parties, counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |

| Approximate Pre-Trial Conference: | 17 months<br>*Actual Date to be set by Trial Order* |
|---|---|
| Approximate Trial Date: | 18 months<br>*Actual date to be set by Trial Order* |

5. **NOTICES FOR TRIAL:**  Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial.  The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

6. **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

7. **SETTLEMENT:**  *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

    **DONE AND ORDERED** in Orange/Osceola County, Florida.

Chief Judge

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

# Exhibit "C"

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE/OSCEOLA
COUNTY, FLORIDA

Case No.:

Plaintiff(s)


vs.
Defendant(s).


_____/


**AGREED CASE MANAGEMENT PLAN AND ORDER**
**(Streamlined Track[1])**

      **The parties hereby submit the following Agreed Case Management Plan to the Court for approval:**

      *Note:  All dates are to be calculated from the date of the Order Approving Case Management Plan unless otherwise noted.*

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process:** | 120 days |
| **Deadline for Service of Process extended if not accomplished within 120 days:** | 150 days, failing same, all unserved defendants are dismissed without prejudice |

---

[1] This Case Management Plan (Streamlined Track) applies to the following case types and sub-types, as designated on the Initial Cover Sheet required at filing, <u>to be resolved within 12 months</u> per Rule 2.250, Fla. R. Gen. Prac. & Jud. Admin.:

**Circuit court:**  Ch. 718, Condominium Association Lawsuit, Any Constitutional Challenge, Distress, Replevin, Any Foreclosure, and Any Other Real Property Actions

**County court:** Other Civil – Non Monetary, Any Replevin, Any Foreclosure, Personal Injury Protection (and other first party insurance claims), and Small Claims (if the rules of civil procedure have been invoked).

| | |
|---|---|
| **Deadline for Leave to Add Parties and Amend Pleadings:** | Motions must be set for hearing and heard within _____ days from the earlier of the date of this Agreed Case Management Plan or service on the last defendant, or deemed abandoned and denied |
| **Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings:** | Must be set for hearing and heard within _____ days from filing of the motion/objection, or (if previously filed) within _____ days from the date of this Agreed Case Management Plan, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| **Deadline for Completion of Fact and Expert Discovery:** | _____ days from the date of this Agreed Case Management Plan (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| **Pre-trial Motions, including Dispositive and *Daubert* Motions** | Must be filed no later than _____ days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| **Mediation/Alternative Dispute Resolution** | Within 30 days from the date of this Agreed Case Management Plan, or after completion of the depositions of all parties (whichever is later), counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |
| **Approximate Pre-Trial Conference:** Actual Date to be set by trial order | Approximately 3-4 weeks prior to the trial date |
| **Approximate Trial Date:** Actual Date to be set by trial order | 12 months from the date of this Case Management Plan |

**Date: _____**

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number.  Unrepresented parties must include email address for service.**

_____      _____

_____      _____

_____      _____

_____      _____

## ORDER APPROVING AGREED CASE MANAGEMENT PLAN

**THE COURT,** having reviewed the preceding Agreed Case Management Plan (Streamlined Track), and finding it to be satisfactory, it is hereby **ORDERED** that:

1.    **COMPLIANCE WITH THIS AGREED CASE MANAGEMENT PLAN:**  The parties shall strictly comply with the terms of this Agreed Case Management Plan, unless otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.    **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following:  (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)**; (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **NOTICES FOR TRIAL:**  Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than ten (10) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

5.      **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.      **SERVICE OF THIS ORDER:**  Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order.  In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this CMO and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days.  If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation.  If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7.      **SETTLEMENT:**  *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** in Orange/Osceola County, Florida, this _____ day of

_____, 20___.


_____
Circuit/County Judge


A true and correct copy of the foregoing was distributed to all parties by filing and service via the ePortal to all attorney(s)/interested parties identified on the ePortal Electronic Service List.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

# Exhibit "D"

IN THE COUNTY/CIRCUIT COURT OF
THE NINTH JUDICIAL CIRCUIT, IN
AND FOR ORANGE/OSCEOLA
COUNTY, FLORIDA

Case No.:

Plaintiff(s)


vs.
Defendant(s).


_____/


**AGREED CASE MANAGEMENT PLAN AND ORDER**
**(General Track[1])**

     **The parties hereby submit the following Agreed Case Management Plan to
the Court for approval:**

*    Note:  All dates are to be calculated from the date of the Order Approving Case
Management Plan unless otherwise noted.*

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Deadline for Service of Process:** | 120 days |
| **Deadline for Service of Process extended if not accomplished within 120 days:** | 150 days, failing same, all unserved defendants are dismissed without prejudice |
| **Deadline for Leave to Add Parties and Amend Pleadings:** | Motions must be set for hearing and heard within _____ days from the earlier of the date of this Agreed Case Management Plan or service on the last defendant, or deemed abandoned and denied |
| **Motions to Dismiss, Motions for More Definite Statement, Motions to Strike and any objections to the pleadings:** | Must be set for hearing and heard within _____ days from filing of the motion/objection, or (if previously filed) |

---

[1] This Case Management Plan (General Track) applies to all cases not designated as complex or
streamlined under Ninth Circuit Administrative Order No. 2021-04.

| | |
|---|---|
| | within _____ days from the date of this Agreed Case Management Plan, or deemed abandoned and denied. Non-movant shall timely submit a proposed order in the event the motion/objection is deemed abandoned and denied |
| **Deadline for Completion of Fact and Expert Discovery:** | _____ days from the date of this Agreed Case Management Plan (additional disclosure and discovery deadlines will be established by the Uniform Order Setting Pre-Trial and Trial in the case) |
| **Pre-trial Motions, including Dispositive and *Daubert* Motions** | Must be filed no later than _____ days after completion of discovery and heard no later than 7 days prior to the pre-trial conference, or deemed abandoned and denied |
| **Mediation/Alternative Dispute Resolution** | Within 30 days from the date of this Agreed Case Management Plan, or after completion of the depositions of all parties (whichever is later), counsel shall meet and confer regarding whether an early mediation would be productive to resolution of certain issues or the entire case.  A final mediation shall occur no later than 30 days after completion of all discovery |
| **Approximate Pre-Trial Conference:** Actual Date to be set by trial order | Approximately 3-4 weeks prior to the trial date |
| **Approximate Trial Date:** Actual Date to be set by trial order | 18 months from the date of this Case Management Plan |

**Date: _____**

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number.  Unrepresented parties must include email address for service.**

_____    _____

_____    _____

_____    _____

_____    _____

2

## ORDER APPROVING AGREED CASE MANAGEMENT PLAN

**THE COURT,** having reviewed the preceding Agreed Case Management Plan

(General Track), and finding it to be satisfactory, it is hereby **ORDERED** that:

1.    **COMPLIANCE WITH THIS AGREED CASE MANAGEMENT PLAN:**  The parties shall strictly comply with the terms of this Agreed Case Management Plan, unless otherwise ordered by the Court.  FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.    **ADDITIONAL NINTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following:  (i) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court Circuit Civil Court Guidelines (AO 2012-03-01)**; (ii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Courtroom Decorum Policy (AO 2003-07-02)**; (iii) **Amended Administrative Order Establishing the Ninth Judicial Circuit Court County Civil Court Guidelines, Orange County (AO2017-04-01)** and (iv) **any division-specific guidelines that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:**  The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation <u>and</u> Court order in accordance with applicable law.

4.    **NOTICES FOR TRIAL:**  Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than 10 (ten) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Judicial Assistant at the Division email address noted on the Ninth Circuit website.

5.    **DISCOVERY:**  All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.    **SERVICE OF THIS ORDER:**  Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order.  In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this CMO and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of

Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days.  If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation.  If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

      7.    **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

      **DONE AND ORDERED** in Orange/Osceola County, Florida, this _____ day of

_____, 20\_\_\_.


_____
Circuit/County Judge


A true and correct copy of the foregoing was distributed to all parties by filing and service via the ePortal to all attorney(s)/interested parties identified on the ePortal Electronic Service List.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**ORANGE COUNTY:   Human Resources, Orange County Courthouse, 425 N. Orange Avenue, Suite 510, Orlando, Florida, (407) 836-2303**

**OSCEOLA COUNTY:  Court Administration, Osceola County Courthouse, 2 Courthouse Square, Suite 6300, Kissimmee, Florida, (407) 742-2417**

REV 04/29/2021

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT,
IN AND FOR ORANGE COUNTY, FLORIDA

Case No.: 2023-CA-001757-O

Division: _____

DARLA VIERA, individually and on behalf of all others similarly situated,

Petitioner,

and

TURNING POINT USA D/B/A CHARLIE KIRK,

Respondent.

## SUMMONS:
## ORDEN DE COMPARECENCIA:
## CITATION:

TO/PARA/A: (name of party to be served), TURNING POINT USA D/B/A CHARLIE KIRK c/o CORPORATION SERVICE COMPANY ,
{address (including city and state)/location for service} 8825 N. 23rd Avenue, Suite 100, Phoenix, AZ 85021 ,

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court.
A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case.
If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also serve a copy of your written response on the party serving this summons at: {Name and address of party serving summons}

If the party serving summons has designated email address(es) for service or is represented by an attorney, you may designate email address(es) for service by or on you. Service must be in accordance with Florida Rule of Judicial Administration 2.516.
Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit

Court's office. You may review these documents, upon request.
You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and Email Address).

# IMPORTANTE

Usted ha sido demandado legalmente, Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo  rotegera; si usted desea que el tribunal considere su defensa, debe
presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales, Si lo desea, puede usted consultar a un abogado immediatament. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica. Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante al tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demanadante).

{Name and address of party serving summons}

# IMPORTANT

Des poursuites judiciaries ont ete enterprises contre ous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre response ecrite, avec mentin du numero de dossier ci-dessus et du nom des paties nommees isi, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal. Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).
Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

{Name and address of party serving summons}

THE STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

03/02/2023                                      TIFFANY M. RUSSELL
                                          CLERK OF THE CIRCUIT COURT



                                    By: _____/s/Joji Jacob_____
                                                          Deputy Clerk

**Civil Division**
**425 N. Orange Avenue**
**Room 350**
**Orlando, Florida 32801**

IN THE CIRCUIT COURT OF THE 9TH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| DARLA VIERA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | Case No.:     **2023-CA-001757-O** |
| Plaintiff/Petitioner | |
| vs. | |
| **TURNING POINT USA D/B/A CHARLIE KIRK** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | **SUMMONS; COMPLAINT; ORDER GOVERNING CIVIL CASE MANAGEMENT AND RESOLUTION; Standing Order** |

Received by **John Cox**, on the **2nd day of March, 2023 at 7:49 PM** to be served upon **TURNING POINT USA D/B/A CHARLIE KIRK c/o Corporation Service Company, REGISTERED AGENT** at **8825 North 23rd Avenue suite 100 p, Phoenix, Maricopa County, AZ 85021.**
On the **8th day of March, 2023 at 12:27 PM**, I, **John Cox, SERVED TURNING POINT USA D/B/A CHARLIE KIRK c/o Corporation Service Company, REGISTERED AGENT** at **8825 North 23rd Avenue suite 100 p, Phoenix, Maricopa County, AZ 85021** in the manner indicated below:

**CORPORATE SERVICE,** by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **Mike Vernon**, on behalf of said Corporation.
**THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS: I delivered the documents to Mike Vernon who indicated they were the person authorized to accept with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a bald white male contact 55-65 years of age, 5'4"-5'6" tall and weighing 240-300 lbs with glasses.**

Service Fee Total: **$75.00**

Per U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: _____     MC-5993     3-8-23
         John Cox                                                    Server ID #                         Date

REF: **REF-12137540**

Tracking #: **0102445856**



## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

DARLA VIERA, individually and on behalf of all others similarly situated,

  Plaintiff,

v.

TURNING POINT USA D/B/A CHARLIE KIRK,

  Defendant.

Case No. 2023-CA-001757-O

CLASS ACTION

(JURY TRIAL DEMANDED)

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Darla Viera, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel, and on information and belief as to all other matters.

## NATURE OF ACTION

1. Plaintiff brings this Class Action Complaint for legal and equitable remedies resulting from the illegal actions of Turning Point USA d/b/a Charlie Kirk ("Defendant") in sending automated telephonic sales calls, in the form of text messages, to her cellular telephone and the cellular telephones of numerous other individuals across Florida, in clear violation of the Florida Telephone Solicitation Act, Fla. Sta § 501.059 ("FTSA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Section 26.012(2), Florida Statutes. The matter in controversy exceeds the sum or value of $50,000 exclusive of interest, costs, and attorney's fees.

3. Personal jurisdiction and venue are proper because Plaintiff resides within Orange County, Florida, because Defendant engaged in a telemarketing campaign through which it

knowingly and intentionally directed numerous FTSA-violative text messages (which form the basis of Plaintiff's claims) into Orange County, Florida, including while she resided in Orange County, Florida, such that a substantial portion of the events alleged herein occurred, and the harm to Plaintiff arose, within Orange County, Florida. *See* § 47.011, Florida Statutes.

## PARTIES

4.      Plaintiff is a resident and citizen of Orange County, Florida. Plaintiff was at all times mentioned herein the regular user of the telephone number (407) ***-9851 (the "9851 Number").

5.      Defendant Turning Point USA d/b/a Charlie Kirk is a politically-focused company that sells products to consumers.  Defendant is organized and incorporated under the laws of Arizona and maintains its corporate headquarters and principal place of business in Phoenix, Arizona.  Defendant is a "person" within the meaning of Fla. Stat. § 501.059(8)(a).

## THE FLORIDA TELEPHONE SOLITITATION ACT

6.       "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

7.      Thus, on July 1, 2021, to better protect its residents' privacy from intrusive calls and text messages, Florida enacted an amendment to the FTSA to prohibit, *inter alia*, the transmission of unsolicited sales calls and text messages to its residents' telephones.

8.      As amended, the FTSA provides, in pertinent part: "A person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a

connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

9.      "Telephonic sales call" is defined, in pertinent part, as a "telephone call [or] text message . . . to a consumer for the purpose of soliciting a sale of any consumer goods or services . . . or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services[.]" *Id.* § 501.059(1)(i).

10.      "Prior express written consent" is defined, in pertinent part, as "a written agreement that . . . [b]ears the signature of the called party[,] [c]learly authorizes the person making or allowing the placement of a telephonic sales call by telephone call [or] text message . . . to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers[,] . . . [i]ncludes the telephone number to which the signatory authorizes a telephonic sales call to be delivered[,] and [i]ncludes a clear and conspicuous disclosure informing the called party that":

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers . . . ; and

    b.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

*Id.* § 501.059(1)(g).

11.      "There is a rebuttable presumption that a telephonic sales call made to any area code in this state is made to a Florida resident or to a person in this state at the time of the call." *Id.* § 501.059(8)(d)

12.     Any person aggrieved by a violation of the FTSA may receover $500.00 for each violation pursuant to § 501.059(10)(a), or up to $1,500.00 for each violation committed knowingly or willfully pursuant to § 501.059(10)(b).

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

13.     Since July 1, 2021, Plaintiff has received, at the 9851 Number, at least one text message that Defendant made or knowingly allowed another person to make on its behalf.

14.     For example, on or about December 20, 2022, Defendant made, or knowingly allowed to be made on its behalf, a text message to the 9851 Number that stated as follows:

> Hey — it's Charlie Kirk. I want to send you a copy of my new book,
> How we Win, when you make a gift of ANY AMOUNT to Turning
> Point USA. This brand new book lays out my roadmap to lasting
> conservative victories that will SAVE AMERICA — and it's yours
> when you pitch in a gift of any amount — even just $5! — to help
> us cover the costs of shipping.  Give it as a gift to a loved one, or
> add it to your own personal library! But don't wait — copies are
> moving fast! Pitch in here and get yours today >>
> https://givetotpusa.com/r.wr?id=9xPvzKEl

15.     At the time the subject text messages were made to and received by Plaintiff, Plaintiff was "an actual or prospective purchaser, lessee, or recipient of consumer goods or services." *Id.* § 501.059(1)(b).

16.     The text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 9851 Number were sent to Plaintiff for the purpose of "soliciting a sale of . . . consumer goods or services" to Plaintiff, or "obtaining information [from Plaintiff]

that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to Plaintiff. *Id.* § 501.059(1)(b) & (1)(i).

17.    Accordingly, the text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 9851 Number constituted "telephonic sales calls." Fla. Stat. § 501.059(1)(i).

18.    Plaintiff is the "regular user of" the 9851 Number, and is therefore the "called party" with respect to the subject text messages made by or on behalf of Defendant to the 9851 Number. *See* Fla. Stat. § 501.059(1)(a).

19.    Each text message sent by or on behalf of Defendant to Plaintiff's 9851 Number originated from the telephone number (407) 604-4101, which is number leased or owned by or on behalf of Defendant that Defendant uses or knowingly allows another person to use to transmit telephonic sales calls, in the form of text messages, to consumers in an automated and *en masse* fashion.

20.    All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff's 9851 Number occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a).  Specifically, Defendant utilized an "automated system for the selection or dialing of telephone numbers" to transmit the subject text messages to Plaintiff's 9851 Number because such messages were sent from telephone numbers used to message consumers *en masse*; because Defendant's dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously; and because the hardware and software used by Defendant to send such messages have the capacity to both select numbers to be dialed and to dial such numbers in an automated fashion.  And indeed, Defendant (or another person Defendant

knowingly allowed to act on its behalf) actually transmitted the text messages at issue in this case to Plaintiff in an automated fashion, with hardware and software that automatically selected and dialed Plaintiff's 9851 Number and the other telephone numbers to which it transmitted such text messages.

22.     Because Plaintiff's cellular phone alerts her whenever she receives a text message, each telephonic sales call by or on behalf of Defendant to Plaintiff's 9851 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion upon receipt.

22.     Plaintiff has never provided her "prior express written consent" to Defendant or any other party acting on Defendant's behalf to authorize the subject telephonic sales calls to the 9851 Number by means of an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a). Indeed, prior to making (or knowingly allowing another person to make on its behalf) the subject telephonic sales calls to Plaintiff's 9851 Number, Defendant lacked a signed written agreement with Plaintiff that complies with the requirements of Fla. Stat. § 501.059(1)(g).

**CLASS ALLEGATIONS**

23.     <u>Class Definition</u>. Plaintiff brings this civil class action on behalf of herself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" which Plaintiff seeks to represent is comprised of and defined as follows:

> All persons in Florida who, at any time since July 1, 2021, received a telephonic sales call made by or on behalf of Defendant using the same type of equipment used to make telephonic sales calls to Plaintiff.

24.     Excluded from the class are Defendant, its officers and directors, members of the immediate families of the foregoing, legal representatives, heirs, successors, or assigns of the foregoing, and any entity in which Defendant has a controlling interest.

25.     Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

26.     The members of the class are ascertainable because the class is defined by reference to objective criteria. In addition, the members of the class are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and/or by third parties.

27.     Plaintiff and all Class members have been impacted and harmed by the acts of Defendant or its affiliates, agents, or subsidiaries acting on its behalf.

28.     This Class Action Complaint seeks injunctive relief and monetary damages.

29.     Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the FTSA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

30.     This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

31.     <u>Numerosity</u>.  The number of persons within the Class is substantial, believed to amount to at least several thousand persons dispersed throughout Florida, who collectively received at least tens of thousands of telephonic sales calls by or on behalf of Defendant since July 1, 2021.  It is, therefore, impractical to join each member of the Class as a named plaintiff.  Further,

the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

32.    Typicality. Plaintiff received at least one telephonic sales call from Defendant since July 1, 2021 while in Florida, and Defendant lacks any record establishing Plaintiff's "prior express written consent." Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interests are consistent with and not antagonistic to those of the other Class members she seeks to represent. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's FTSA-violative misconduct as alleged herein.

33.    Adequacy. As the proposed Class representative, Plaintiff has no interests adverse to or which conflict with the interests of the absent members of the Class, and she is able to fairly and adequately represent and protect the interests of such a Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue these claims. If necessary as the litigation (including discovery) progresses, Plaintiff may seek leave to amend this Class Action Complaint to modify the Class definition set forth above, add additional Class representatives, or assert additional claims.

34.    Competency of Class Counsel. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Plaintiff's counsel are experienced in handling complex class action claims, including in particular claims brought under consumer protection and data-privacy statutes similar to the FTSA.

35.    <u>Commonality and Predominance</u>. There are well-defined common questions of fact
and law that exist as to all members of the Class and predominate over any questions affecting
only individual members of the Class.  These common legal and factual questions, which do not
vary from Class member to Class member and may be determined without reference to the
individual circumstances of any Class member, include (but are not limited to) the following:

a)  Whether Defendant made or knowingly allowed another person to make the subject
text messages to Plaintiff's and Class members' cellular telephones;

b)  Whether such text messages were sent using an "automated system for the selection
or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a);

c)  Whether Defendant can meet its burden to show that it obtained prior "prior express
written consent" to transmit the subject text messages within the meaning of Fla.
Stat. § 501.059(1)(g), assuming such an affirmative defense is timely raised;

d)  Whether any of the violations of the FTSA committed by or on behalf of Defendant
were knowing or willful;

e)  The amount of statutory damages to which Plaintiff and the Class are entitled as a
result of any violations of the FTSA committed by or on behalf of Defendant; and

f)  Whether Defendant or any affiliates, subsidiaries, or agents of Defendant should be
enjoined from engaging in such conduct in the future.

36.    <u>Superiority.</u>  A class action is superior to other available methods for the fair and
efficient adjudication of this controversy because the prosecution of individual litigation on behalf
of each Class member is impracticable.  Even if every member of the Class could afford to pursue
individual litigation, the court system could not; multiple trials of the same factual issues would
magnify the delay and expense to all parties and the court system.  Individualized litigation would

also present the potential for varying, inconsistent or contradictory judgments. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the FTSA and thus protect consumers' privacy. The interests of Class members in individually controlling the prosecution of separate claims is small because the statutory damages recoverable in an individual action for violation of the FTSA are likewise relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and because Defendant lacks any record reflecting that it obtained the requisite prior express written consent from any Class member to be sent such messages. Class members can be readily located and notified of this class action by reference to Defendant's records and, if necessary, the records of Defendant's affiliates, agents, or subsidiaries and cellular telephone providers.

37.    Additionally, the prosecution of separate actions by individual Class members would create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could also establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

38.     This suit seeks only damages and injunctive relief for recovery of economic injury

on behalf of Class members and it expressly is not intended to request any recovery for personal

injury and claims related thereto.

39.     On application by Plaintiff's counsel for class certification, Plaintiff may also seek

certification of subclasses in the interests of manageability, justice, or judicial economy.

### CLAIM FOR RELIEF
### VIOLATION OF THE FLORIDA
### TELEPHONE SOLICITATION SALES ACT
### (FLA. STAT. § 501.059)

40.     Plaintiff incorporates by reference the foregoing paragraphs of this Class Action

Complaint as if fully stated herein.

41.     Since July 1, 2021, Defendant has made, or knowingly allowed to be made on its

behalf by another person, at least one text message to the 9851 Number, and Plaintiff received

such text messages in Florida.  The 9851 Number is assigned an area code that corresponds to a

range of geographic locations in Florida.

42.     Likewise, since July 1, 2021, Defendant has made, or knowingly allowed to be

made on its behalf by another person, at least one text message to each of the telephone numbers

regularly used by the members of the Class in Florida.

43.     Because Plaintiff is, and at all relevant times referenced herein was, the "regular

user of" the 9851 Number, Plaintiff was the "called party" with respect to each of the text messages

made by Defendant (or knowingly allowed to be made on its behalf by another person) to the 9851

Number.

44.     Plaintiff is "an actual or prospective purchaser, lessee, or recipient of consumer

goods or services" within the meaning of the FTSA. *See* Fla. Stat. § 501.059(1)(b).

45.     At least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to the 9851 Number was made for the purpose of "soliciting a sale of . . . consumer goods or services" to Plaintiff, or "obtaining information [from Plaintiff] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to Plaintiff. *See id*. § 501.059(1)(b) & (1)(i). Accordingly, at least one of the subject text messages that Defendant made or knowingly allowed another person to make on its behalf to Plaintiff's 9851 Number constituted a "telephonic sales call." *Id*. § 501.059(1)(i).

46.     Likewise, at least one of the text messages made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to each of the telephone numbers regularly used by the members of the Class was made for the purpose of "soliciting a sale of . . . consumer goods or services" to the Class member to whom the message was sent, or "obtaining information [from the Class member] that w[ould] or m[ight] be used for the direct solicitation of a sale of consumer goods or services" to him or her. *See id*. § 501.059(1)(b) & (1)(i). Accordingly, at least one of the subject text messages that Defendant made or knowingly allowed another person to make on its behalf to each of the Class members' telephone numbers constituted a "telephonic sales call*." Id*. § 501.059(1)(i).

47.     Each of the telephonic sales calls made by Defendant (or that Defendant knowingly allowed to be made on its behalf by another person) to Plaintiff's 9851 Number and to the Class members' telephone numbers occurred using an "automated system for the selection or dialing of telephone numbers" within the meaning of Fla. Stat. § 501.059(8)(a).

48.     Prior to making or knowingly allowing another person to make on its behalf the subject telephonic sales calls to Plaintiff and the members of the Class, Defendant failed to obtain the "prior express written consent" from Plaintiff or any member of the Class.  Indeed, prior to

making the subject telephonic sales calls to Plaintiff's 9851 Number and to the telephone numbers regularly used by the members of the Class, Defendant lacked a signed written agreement with Plaintiff or any Class member that complies with the requirements of Fla. Stat. § 501.059(1)(g).

49.    Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting Defendant's future transmission of telephonic sales calls to the telephone numbers regularly used by Plaintiff and the members of the Class absent their prior express written consent pursuant to Fla. Stat. § 501.059(10)(a)(1), as well as an award of $500.00 in statutory damages for each violation of the FTSA committed by or on behalf of Defendant pursuant to Fla. Stat. § 501.059(10)(a)(2) (or $1,500 for each such violation committed willfully or knowingly pursuant to pursuant to Fla. Stat. § 501.059(10)(b)).

<b>PRAYER FOR RELIEF</b>

**WHEREFORE**, Plaintiff Darla Viera prays for relief and judgment in favor of herself and the Class as follows:

A.    Injunctive relief sufficient to ensure Defendant refrains from violating the FTSA in the future pursuant to Fla. Stat. § 501.059(10)(a)(1);

B.    Statutory damages of $500.00 for herself and each Class member for each of Defendant's violations of the FTSA (or $1,500.00 for each such violation to the extent committed willfully or knowingly) pursuant to Fla. Stat. § 501.059(10)(a)(2) & (10)(b);

C.    An Order, pursuant to Florida Rule of Civil Procedure 1.220, certifying this action to be a proper class action, establishing an appropriate Class and any Subclass(es) the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the attorneys representing Plaintiff as counsel for the Class; and

D.      An award of attorneys' fees and costs to Plaintiff's counsel pursuant to Fla. Stat. §

501.059(11) and Florida Rule of Civil Procedure 1.220.

## DEMAND FOR JURY TRIAL

On behalf of herself and all others similarly situated, Plaintiff demands a trial by jury on

all claims and issues so triable.

Dated:  April 4, 2023                  **HEDIN HALL LLP**

                             By:   _/s/ Frank S. Hedin_____
                                    Frank S. Hedin

                             Frank S. Hedin
                             fhedin@hedinhall.com
                             Arun G. Ravindran
                             aravindran@hedinhall.com
                             HEDIN HALL LLP
                             1395 Brickell Avenue, Suite 1140
                             Miami, Florida 33131
                             Telephone:      + 1 (305) 357-2107
                             Facsimile:      + 1 (305) 200-8801

                             *Counsel for Plaintiff and the Putative Class*